Joshua E. Abraham, Esq. (JA1818)
380 Madison Avenue, 22nd Floor
New York, New York 10017
T: (646) 245-6710
F: (646) 201-4454
josh@joshabrahamlaw.com
*Attorney for Defendants Janna Bullock*
*and 54 East 64th Street LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                       :
EASTERN SAVINGS BANK, FSB,                             :
                                                       :          Case No. 1:12-cv-08395-BSJ
                    Plaintiff,                         :
                                                       :
         -against-                                     :
                                                       :
JANNA BULLOCK, 54 EAST 64th STREET                     :          **ANSWER**
LLC, NEW YORK CITY DEPARTMENT OF                       :
FINANCE, NEW YORK CITY                                 :
ENVIRONMENTAL CONTROL BOARD,                           :
VISIONS IN PLASTER LTD, DONATO INC.                    :
PLUMBING & HEATING, MOON                               :
DEVELOPMENT SERVICES GROUP, LLC                        :
D/B/A/ THE MOON GROUP, STAIRS NEW                      :
YORK LLC, NEW WOOD COMPANY,                            :
FERRIS CONSTRUCTION CORP., ARISTA                      :
AIR CONDITIONING CORP., ARMAGH                         :
CONTRACTING INC. and "JOHN DOE #1,                     :
JOHN DOE #2, JOHN DOE #3, JOHN DOE #4,                 :
JOHN DOE #5, JOHN DOE #6, JOHN DOE #7,                 :
JOHN DOE #8, JOHN DOE #9, JOHN DOE #10,                :
JOHN DOE #11, JOHN DOE #12, the last twelve            :
names being fictitious and unknown to plaintiff,       :
the persons or parties intended being tenants,         :
occupants, persons or corporations, if any having      :
or claiming interest upon the premises described       :
in the Complaint,                                      :
                                                       :
                    Defendants.                        :
                                                       :
-----------------------------------------------------------------x

Defendants JANNA BULLOCK ("Bullock") and 54 EAST 64TH STREET LLC (collectively, "Defendants"), by and through their undersigned attorney, as and for their answer to the complaint, allege as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 states legal conclusions for which no answer is required, except that Defendants admit that Parcels I and II, as those terms are defined, are the subject of this lawsuit.

## PARTIES

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      Defendant Bullock admits that she resides in New York, New York.   Paragraph 3 otherwise states legal conclusions for which no answer is required.

4.      Defendant 54 East 64th Street LLC admits that it is a New York Limited Liability Corporation.   Paragraph 4 otherwise states legal conclusions for which no answer is required

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and further aver that paragraph 5 states legal conclusions for which no answer is required.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and further aver that paragraph 6 states legal conclusions for which no answer is required.

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and further aver that paragraph 7 states legal conclusions for which no answer is required.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and further aver that paragraph 8 states legal conclusions for which no answer is required.

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and further aver that paragraph 9 states legal conclusions for which no answer is required.

10.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and further aver that paragraph 10 states legal conclusions for which no answer is required.

11.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and further aver that paragraph 11 states legal conclusions for which no answer is required.

12.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and further aver that paragraph 12 states legal conclusions for which no answer is required.

13.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and further aver that paragraph 13 states legal conclusions for which no answer is required.

14.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and further aver that paragraph 14 states legal conclusions for which no answer is required.

15.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

## JURISDICTION AND VENUE

17.     Defendants admit the amount in controversy exceeds $75,000.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and further aver that paragraph 17 states legal conclusions for which no answer is required.

18.     Defendants admit the allegations in paragraph 18.

## AS AND FOR A FIRST CAUSE OF ACTION

19.     Defendant 54 East 64th Street LLC admits the allegations in paragraph 19.

20.     Defendant 54 East 64th Street LLC denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, except admits that it executed the Mortgage, as that term is defined, on or about May 12, 2006, and that said Mortgage was recorded on or about May 17, 2010.

21.     Defendant Bullock admits that she executed the Guarantee, as that term is defined, on or about May 12, 2006.  Defendant Bullock otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and avers that paragraph 21 states legal conclusions for which no answer is required.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     Defendant 54 East 64th Street LLC admits that it did not pay the Principal Sum, as that term is defined, with certain interest thereon on the Maturity Date, as that term is defined.

Defendant 54 East 64th Street LLC otherwise respectfully refers to the documents referenced in paragraph 23 for a complete and accurate statement of their terms.

24.     Defendants repeat and reincorporate the answer to the preceding paragraph.

25.     Paragraph 25 states legal conclusions and/or a prayer for relief for which no answer is required.

26.     Defendants repeat and reincorporate the answer to the preceding paragraph.

27.     Defendants repeat and reincorporate the answer to the preceding paragraph.

## AS AND FOR A SECOND CAUSE OF ACTION

28.     Defendants repeat and re-state the answers set forth in paragraphs 1 through 27.

29.     Defendant Bullock denies the allegations in paragraph 29, except admits that she executed the Guarantee, as that term is defined.

30.     Paragraph 30 states legal conclusions for which no answer is required.  Defendant Bullock otherwise refers to the documents referenced in paragraph 30 for a complete and accurate statement of their terms.

## AS AND FOR A THIRD CAUSE OF ACTION

31.     Defendants repeat and re-state the answers set forth in paragraphs 1 through 30.

32.     Defendants admit the allegations in paragraph 32.

33.     Paragraph 33 states legal conclusions for which no answer is required.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

## FIRST AFFIRMATIVE DEFENSE

35.     The complaint, and each of the causes of action therein, fails to state claims for which relief can be granted.

5

## SECOND AFFIRMATIVE DEFENSE

36.      The complaint and the action must be dismissed for lack of subject matter

jurisdiction based on Plaintiff's failure to plead complete diversity of citizenship at the

commencement of the action.

## THIRD AFFIRMATIVE DEFENSE

37.      The complaint, and each cause of action asserted therein, must be dismissed for

the failure of an express condition precendent.

## FOURTH AFFIRMATIVE DEFENSE

38.      Each cause of action asserted in the complaint, as well as Plaintiff's claim of

damages, is barred in whole or in part by the doctrine of waiver and/or acquiescence.

39.      Defendants demand a jury trial for the adjudication of this action.

WHEREFORE, Defendants request that judgment be entered dismissing the complaint in

its entirety and granting Defendants such other and further relief as may be just and proper,

including the costs, disbursements and attorneys' fees incurred in this action.


Dated: New York, New York
          September 21, 2012




_____
Joshua E. Abraham, Esq.
380 Madison Avenue, 22nd Floor
New York, New York 10017
Tel: (646) 245-6710
Fax: (646) 201-4454
josh@joshabrahamlaw.com
*Attorney for Defendants Janna Bullock*
*and 54 East 64th Street LLC*

6

**<u>VERIFICATION BY ATTORNEY</u>**

     I, JOSHUA E. ABRAHAM, an attorney duly admitted to practice before the courts of this state, and attorney of record for Defendants, affirm under penalties of perjury that I have read the forgoing answer and that the same is true to the best of my knowledge.  The grounds of my knowledge are copies of Defendants' records in my possession and communications with Defendants and/or Defendants' agents.  This affirmation is made by me because Defendants are not in a county in which my firm has its office.

Dated:  New York, New York
        September 21, 2012

                                                  _____
                                              JOSHUA E. ABRAHAM, ESQ.